**Arthur HILL, Appellant,**

**v.**

**T.he STATE of Texas, Appellee.**

**No. 46171.**

Court of Criminal Appeals of Texas.

April 25, 1973.

———◆———

Melvyn Carson Bruder and Barry P. Helft (Court appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., and Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The offense is robbery; the punishment, by the jury, ninety-nine (99) years.

On December 7, 1970, Robert Ferguson and his wife who were employees of the Starlite Drive-In Theater in Dallas, were approached by two black males who exhibited a pistol and demanded their money. Thirty-four dollars was taken from Ferguson. During the course of events, Mrs. Ferguson was killed.

Appellant was apprehended in the company of the above mentioned black males on December 17, 1970, in Ellis County, and was placed in the Ellis County jail in Waxahachie. He was indicted by a Dallas County Grand Jury on January 24, 1971, for robbery by firearms. Upon written notice of the Dallas County District Attorney's office, the charge was reduced to robbery by assault.

After confinement in the Ellis County jail, appellant was interrogated by Dallas Police Detective Eugene Lipe. Detective Lipe advised appellant of his right to remain silent and to counsel, and, having assured himself that the appellant had been advised of his rights by a magistrate previously, Detective Lipe obtained from appellant a voluntary statement in which he admitted having participated in the robbery.

Appellant's sole ground of error on this appeal is that the court erred in admitting into evidence the appellant's written confession which he asserts was obtained in violation of his rights secured by Art. 38.22, Vernon's Ann.C.C.P., and the Constitution of the United States. In support of this contention, he puts forth the following:

1. That appellant could not read and that he thought that he was signing a non-incriminating statement as to what he knew, which he would not have signed had he known its contents.

2. That the interrogating officers threatened to "lock up" his wife if he did not sign a statement.

3. That his constitutional rights had not been read to him prior to any interrogation.

The appellant testified essentially as set out above. He did admit, however, that a magistrate had read him his constitutional rights shortly after his arrest. He denied that the interrogating officer (Detective Lipe) had read him his rights.

The appellant's testimony was bolstered in part by his wife who testified that he could read very little.

Detective Lipe testified that he had made no threats whatsoever to the appellant, and that appellant acknowledged to him that he could read at the time the statement was signed. He further stated that he had appellant read part of the statement to assure himself that appellant could read. Further, Lipe testified that the entire statement, including the Arts. 15.17 and 38.22, V.A.C.C.P., warnings printed at the top of the statement, was read to the appellant and that he acknowledged that he understood its contents. Appellant then signed the statement.

At the conclusion of the above testimony, the court ruled that the confession was voluntary and in compliance with Art. 38.22, V.A.C.C.P.

The confession was then admitted into evidence and, in the charge, the court instructed the jury to disregard the confession if they had a reasonable doubt that it was freely and voluntarily made.

We hold that the findings of the court that the confession was voluntarily made and that it was admissible in law and in fact, are amply supported by the evidence. Morris v. State, Tex.Cr.App., 488 S.W.2d 768.

Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.